GH

**RECEIVED**

JUN 3 0 2008
Jun 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JURY TRIAL DEMAND

**Plaintiff(s)**

JAMES MARTIN

v.

08CV3712
JUDGE MAROVICH
MAGISTRATE JUDGE ASHMAN

**Defendant(s)**

BENNIE RADFORD IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY
AS ILLINOIS DEPT. OF CORRECTIONS
PAROLE OFCI

N. Robinson IN HER INDIVIDUAL
AND OFFICIAL CAPACITY AS ILLINOIS
DEPT OF CORRECTIONS SUPERVISOR
PAROLE AGENT

ELROY REED IN HIS INDIVIDUAL
CAPACITY AND OFFICIAL CAPACITY AS
EXECUTIVE DIRECTOR, THE SOARING EAGLE
COMMUNITY DEVELOPMENT CORP.

CONSTITUTIONAL VIOLATION
COMPLAINT

# PARTIES

PLAINTIFF
JAMES MARTIN
524 ELDER LN
GLENVIEW, IL.
        60025

DEFENDANT
① BENNIE RADFORD IS SENIOR PAROLE AGENT
I.D.O.C., RADFORD IS RESPONSIBLE FOR SUPER
VISING AND CLOSE MONITORING OF PAROLEES

② N. Robinson IS supervisor, SENIOR PAROLE AGENT
I.D.O.C. Robinson IS RESPONSIBLE FOR SUPERVISION
FIELD PAROLE OFC.

③ ELROY REED IS CREATOR, DIRECTOR OF SOARING
EAGLE COMMUNITY DEVELOPMENT CORP. REED
RESPONSIBLE FOR MANAGING BUILDING (LANDLORD)

# FACTUAL ALLEGATIONS

DEFENDANTS BENNIE RADFORD AND N. ROBINSON VIOLATED PLAINTIFFS FIRST, FOURTH, EIGHT AND FOURTEENTH AMENDMENT RIGHTS

DEFENDANT ELROY REED VIOLATED PLAINTIFFS FOURTEENTH AMENDMENT RIGHT.

PLAINTIFF WAS RELEASED FROM TAYLORVILLE CORRECTIONAL CENTER ON MAY 3, 2006 AND WAS PLACED ON TWO YEARS MANDATORY SUPERVISED RELEASE. AS SUCH WAS REQUIRED TO ABIDE by ALL M.S.R. CONDITIONS FOR SEX OFFENDERS. THESE CONDITIONS INCLUDED, FINDING A HOME WHC MET LOCATION REQUIREMENTS, ELECTRONIC DETENTION WERE ALL MOVEMENTS OUTSIDE OF HOME ARE MONITORED AND MUST BE APPROVED by PAROLE OFFICER.

PLAINTIFF MET DEFENDANT RADFORD ON MAY 4, 2006 TO DISCUSS IN DETAIL M.S.R. CONDITIONS AND LIVING ARRANGMENTS. PLAINTIFF INFORMED DEFENDANT RADFORD THAT HE HAD A LEASE AND PAID 450.00 MONTHLY RENT, THAT DEFENDANT REED WAS LANDLORD AND DID NOT LIVE AT ADDRESS

PLAINTIFF WAS RESIDING IN WAUKEGAN, ILLINOIS

ON JULY 1, 2006 WHILE PLAINTIFF WAS ENROUTE
TO WORK, DEFENDANT RADFORD STOPPED PLAINTIFF
AND PLACED HIM IN CUSTODY, PLAINTIFF WAS TRAN
PORTED TO PAROLE OFFICE FOR CONFERENCE
WITH DEFENDANT ROBINSON, SUPERVISOR ROBIN
SON INFORMED PLAINTIFF that DEFENDANT RADFOR
HAD RECIEVED TELEPHONE CALL FROM DEFENDANT
REED INFORMING PAROLE OFC. RADFORD THAT HE
WANTED PLAINTIFF OUT OF BUILDING THAT DAY
SUPERVISOR ROBINSON TELEPHONED ELROY
REED WHO REITERATED HE DID NOT WANT PLAIN
TIFF TO RETURN TO HIS BUILDING,

PLAINTIFF INFORMED SUPERVISOR ROBINSON THAT
this WAS A LANDLORD - TENANT ISSUE THAT SHOU
BE RESOLVED THE PROPER WAY, that IT WAS NOT
A PAROLE ISSUE, NOT A VIOLATION OF PAROLE CON-
DITIONS AND THAT DEFENDANT REED DID NOT HAVE
OPTION OF WETHER OR WETHER NOT PLAINTIFF COUL
RETURN HOME, PLAINTIFF INFORMED SUPERVISOR RO-
BINSON THAT HE HAD A LEASE, A SAFEGUARD AGAINST
CAPRICIOUS AND ARBITRARY ACTION, ( DEFENDANT RAD-
FORD CONFIRMED PLAINTIFF HAD A LEASE AND
PAID RENT.)

A WARRANT WAS ISSUED, PLAINTIFF WAS TRANS
PORTED TO STATEVILLE CORRECTIONAL CENTER

PLAINTIFF WAS NOT ALLOWED TO RETURN HOME AND SECURE PERSONAL PROPERTY, IE, MONEY JEWELRY, ELECTRONICS, CLOTHING, PERSONAL PAPERS. TRIAL TRANSCRIPTS, WITNESS AFFADA-VITS AND OTHER IMPORTANT LEGAL DOCUMENTS.

PLAINTIFF WAS ILLEGALLY HELD IN PRISON FOR APPR. ONE YEAR AND NEVER RECOVERED POSSESSIONS.

## NATURE OF COMPLAINT

TO OBTAIN WARRANT DEFENDANT PAROLE OFC. RADFORD PREPARED ILLEGAL, BASELESS PAROLE VIOLATION RE-PORT ALLEGING PLAINTIVE VIOLATED CONDITIONS OF M.S.R. BY NOT MAINTAINING HOMESITE AND NOT ATTENDING SEX OFFENDER COUNSELING. IN FACT PLAINTIFF HAD HOMESITE AND WAS ILLEGALLY REMOVED BY DEFENDANT RADFORD. ALSO IT WAS DEFENDANT RADFORDS DECISION NOT TO SCHEDULE PLAINTIFF FOR SEX OFFENDER COUNSELING UNTIL PLAINTIFF BECAME EMPLOYED (PLAINTIFF EMPLOYED 6-28-2006) DUE TO THE COST OF COUNSELING.

DEFENDANT SUPERVISOR PAROLE OFC. N. ROBINSON APPROVED ILLEGAL, BASELESS PAROLE VIOLATION REPORT, ALSO WOULD NOT ALLOW PLAINTIFF OP PORTUNITY TO RETURN HOME AND SECURE PERSONAL

PROPERTY

DEFENDANT ELROY REED CONSPIRED WITH DEFENDANT RADFORD AND ROBINSON TO ILLEGALLY REMOVE PLAINTIFF FROM HIS HOME

## CAUSE OF ACTION

PLAINTIFF SUPPORT THE FOLLOWING CLAIMS by REFERENCE TO THE PREVIOUS PARAGRAPHS OF THIS COMPLAINT

### COUNT I

by PREPARING ILLEGAL, BASELESS PAROLE VIOLATION REPORT TO OBTAIN A WARRANT, DEFENDANT RADFORD DEPRIVED PLAINTIFF OF HIS RIGHTS UNDER THE PROBABLE CAUSE CLAUSE OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### COUNT II

by CONSPIRING WITH DEFENDANT ELROY REED TO ILLEGALLY REMOVE PLAINTIFF FROM HIS HOME DEFENDANT RADFORD DEPRIVED PLAINTIFF OF HIS RIGHTS UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION,

## Count III

by preparing illegal, baseless parole vio-
lation report to obtain a warrant which
placed plaintiff in jail for approximately
one year, defendant Radford deprived plain-
tiff of his rights under cruel and unusual
punishments clause of the eighth amendment
of the United States Constitution.

## Count IV

by approving illegal, baseless parole violation
report to obtain a warrant, defendant N. Rob
inson deprived plaintiff of his rights under
the probable cause clause of the fourth a-
mendment of to the United States constitution

## Count V

by conspiring with defendant Elroy Reed an
B. Radford to illegally remove plaintiff
from his home defendant Robinson deprive
plaintiff of his rights under the due process
clause of the Fourteenth amendment of t
United States Constitution

## Count VI

by Approving Illegal, baseless parole vio-
lation report which placed plaintiff in jail
for approximately one year, defendant Robin
son deprived plaintiff of his rights under
cruel and unusual punishments clause of
the eighth amendment of the United States con
stitution.

## Count VII

by not allowing Plaintiff to return home
and secure trial transcripts, witness af-
fidavits and other important legal document
that were lost. Plaintiff was unable to
proceed with his pursuit of litigation to
Illinois supreme court (case# 98 CR 31062) and
denied his right of access to the courts

## Count VIII

by conspiring with defendants B. Radford and
N. Robinson to illegally remove plaintiff from
his home defendant Elroy Reed deprived plaintif
of his rights under due process clause of the fou
teenth amendmant of the United States consti

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT;

DECLARE THAT THE ACTS DESCRIBED HERE IN VIOLATED PLAINTIFFS RIGHTS UNDER THE CON-STITUTION AND LAWS OF THE UNITED STATES

ENTER JUDGEMENT IN FAVOR OF PLAINTIFF FOR LOST WAGES, LIQUIDATED/DAMAGES(DOUBLE)/ FRONT PAY, COMPENSATORY DAMAGES, PUNITIVE DAMAGES, PRE-JUDGMENT INTEREST, POST JUDGEMENT INTEREST AND COSTS, INCLUDING REASONABLE ATTORNEYS FEES AND EXPERT WITNESS FEE. AS ALLOWED BY LAW, AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY

GRANT SUCH OTHER RELIEF AS THE COURT MAY FIND APPROPIATE.

RESPECTFULLY SUBMITTED
JUNE 30, 2008

James Martin
JAMES MARTIN
524 ELDER
GLENVIEW ,IL,
60025