# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3712 | **DATE** | 7/9/2008 |
| **CASE TITLE** | Martin v. Radford, et. al | | |

**DOCKET ENTRY TEXT:**

Plaintiff Martin's petition to proceed *in forma pauperis* is denied without prejudice. Plaintiff Martin's motion for appointment of counsel is denied without prejudice.

■[ For further details see text below.]                                                                                   Docketing to mail notices.

## STATEMENT

   Petitioner James Martin ("Martin") seeks leave to file *in forma pauperis* his complaint against Bennie Radford, Ni Robinson and Elroy Reed. Williams also requests that the Court appoint an attorney to represent him.

   Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 540 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. The Court finds that Martin has failed to demonstrate sufficiently that he is impoverished within the meaning of the statute. The *in forma pauperis* statute requires petitioner to include a financial affidavit so that the Court can determine whether he meets the criteria. Martin has failed to sign his affidavit, so it is not valid. Accordingly, the Court denies Martin's petition to proceed *in forma pauperis*. This denial is without prejudice to Martin's right to file a new petition to proceed *in forma pauperis* should he so choose. If Martin files a new petition, he must sign the financial affidavit.

   Next, Martin moves for appointment of counsel. The Seventh Circuit has explained that "indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court." *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). The Court may, in its discretion, request counsel to represent an indigent litigant if the individual has made reasonable efforts to secure counsel and if the presence of counsel seems likely to make a difference in the outcome. *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993). Because it is not clear whether Martin is indigent, the Court declines to appoint him counsel at this time. This denial is without prejudice, and Martin is free to file a new motion for appointment of counsel.