UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MARTIN, | ) |
| Plaintiff, | ) |
| | ) 08 C 3712 |
| v. | ) |
| | ) Judge George M. Marovich |
| PAROLE AGENT BENNIE RADFORD, | ) |
| and PAROLE AGENT N. ROBINSON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Martin ("Martin") filed a two-count complaint against defendants Bennie Radford ("Radford") and Nikki Robinson ("Robinson"). Plaintiff brought suit under § 1983 and alleged that defendants violated Martin's constitutional rights by arresting him and by interfering with his right to access the courts. Defendants Radford and Robinson move for summary judgment. For the reasons set forth below, the Court grants the motion.

**I.   Background**

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. Facts that are argued but do not conform with the rule are not considered by the Court. For example, facts included in a party's brief but not in its statement of facts are not considered by the Court because to do so would rob the other party of the opportunity to show that such facts are disputed. Where one party supports a fact with admissible evidence and the other party fails to controvert the fact *with citation to admissible evidence*, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of its duty to support the fact with admissible evidence. Here, plaintiff has failed to respond to defendants' motion for

summary judgment.[1] The Court did not automatically deem every fact put forth admitted; rather, the Court carefully considered whether each asserted fact was supported by admissible evidence. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court.

The following facts are disputed.

During the relevant time period, defendant Radford worked as a parole agent for the Illinois Department of Corrections. Defendant Robinson was a parole-agent supervisor for the sex offender unit of the Illinois Department of Corrections. Robinson supervised Radford.

In May 2006, plaintiff Martin was released from the Illinois Department of Corrections for a period of mandatory supervised release. The offense for which he had been incarcerated rendered him eligible for sex offender counseling, electronic monitoring and registration under the Illinois Sex Offender Registration Act. Among other things, Martin was required, as part of his mandatory supervised release, to sign onto Electronic Home Monitoring Rules, which required him to maintain an address with a working telephone. Martin was also assigned a parole agent, which was defendant Radford.

When Martin was first released, he found a place to live that complied with the housing requirements of his mandatory supervised released. Martin became a resident of Soaring Eagle Homes, an organization that provides housing for individuals trying to get back on their feet. Residents at Soaring Eagle did not sign leases. Instead, Soaring Eagle allowed residents to stay so long as they paid their rent and complied with the house rules. The Soaring Eagle house rules, among other things, required residents to maintain a clean and healthy living atmosphere and prohibited overnight guests.

---

[1] Plaintiff is proceeding *pro se*. Defendants served Martin with the *Notice to Pro Se Litigants Opposing Summary Judgment* that is required by Local Rule 56.2.

Martin had problems at Soaring Eagle almost immediately. By May 26, 2006, Soaring Eagle's Executive Director, Elroy Reed ("Reed"), sent Martin a letter warning him that he had violated house rules and could be evicted. On June 8, 2006, Reed sent Martin a notice that he would be evicted in five days for failure to pay rent and for his continued violations of house rules. Defendant Radford (Martin's parole agent) met with Reed about Martin's failure to comply with house rules. Reed agreed to give Martin more time to correct his behavior. Martin paid his rent, but he continued to violate Soaring Eagle's house rules.

On July 1, 2006, Reed contacted defendant Radford about Martin's behavior. Reed told Radford that Martin was rude and unwilling to comply with the house rules. Reed also told Radford that Martin had had an overnight guest in violation of Soaring Eagle's rules. Reed informed Radford that Martin could no longer stay at Soaring Eagle.

Later that day, Radford went to find Martin. Radford picked Martin up while he was on his way to work. Radford informed Martin that Soaring Eagle would not allow him to stay any longer. Radford also told Martin that she needed him to give her another address where he could stay. Martin responded that Soaring Eagle "couldn't just put [him] out." Radford drove Martin to the parole office, where both Radford and defendant Robinson (Radford's supervisor) met with Martin. Robinson explained to Martin that he could no longer stay at Soaring Eagle. Both Radford and Robinson asked Martin to provide an alternate address, but Martin refused. When Robinson asked Martin if he could provide the address of a relative with whom Martin could stay, Martin said that he did not want to subject his family to any of his parole conditions.

During the meeting, Radford and/or Robinson requested a warrant for Martin's arrest. The warrant, which was issued for Martin's failure to comply with the housing requirement of his mandatory supervised release, was issued that afternoon. By 2:38 p.m., Martin had been

taken into custody. He was transported to Stateville Correctional Center until he could find housing that complied with the terms of his mandatory supervised release.

It is undisputed that at the time of his July 1, 2006 arrest, Martin was not in the process of appealing any criminal conviction.

## II. **Summary Judgment Standard**

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III. **Discussion**

In Count I, Martin asserts that Radford and Robinson violated his constitutional rights on July 1, 2006 by arresting him. The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their person, house, papers, and effects, against unreasonable searches and seizures." Const. Amend. IV. Defendants move for summary judgment and argue that they are entitled to qualified immunity.

The qualified immunity defense "protects government agents 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). Though qualified immunity is a "defense to a § 1983 action, it is the plaintiff who bears the burden of proof" because it is the plaintiff who must establish a constitutional violation. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). Thus, the Court turns to the question of whether Martin has put forth sufficient evidence from which a reasonable fact finder could conclude that a constitutional violation occurred.

While citizens, generally, have a right to be free from arrest absent probable cause, "parolees have a more limited liberty interest than ordinary citizens." *Knox*, 342 F.3d at 657. To satisfy the Fourth Amendment, the seizure must be based on *reasonable suspicion*. *Knox*, 342 F.3d at 657. Ultimately, the question is whether Radford and Robinson had reasonable suspicion to believe Martin had violated his mandatory supervised release. *Id*.

The Court concludes that Radford and Robinson had reasonable suspicion to believe Martin had violated his mandatory supervised release. It is undisputed that, as part of his mandatory supervised release, Martin was required to maintain housing with a telephone line. It is undisputed that on July 1, 2006, the Executive Director of the house where Martin had been living telephoned Radford to tell her that Martin would no longer be allowed to live there. It is undisputed that Martin did not provide Radford another address (with a telephone line) where he could live. As for Robinson, it is undisputed that she and Radford met with Martin and discussed the fact that Martin was no longer allowed to live at Soaring Eagle. When Robinson asked Martin for a new address where he could live, Martin refused to provide one. It is clear, as

a matter of law, that Robinson and Radford had reasonable suspicion to believe that Martin had failed to comply with the housing requirement of his mandatory supervised release. Accordingly, Martin has failed to establish a constitutional violation, and defendants are entitled to qualified immunity.

For these reasons, the Court grants defendants' motion for summary judgment as to Count I.

In Count II, Martin asserts that Radford and Robinson denied him access to the courts. His theory (based on a review of his second-amended complaint) seems to be that he had documents in his room at Soaring Eagle that would have assisted with a post-conviction appeal. Martin believes that defendants interfered with his access to the courts in that they caused him to be arrested which rendered him unable to return to Soaring Eagle to collect his documents.

The Court can think of a number of flaws with Martin's second claim, but the one defendants move for summary judgment on is injury. To establish a violation of the right to access the courts, an inmate must show actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint."). In this case, it is undisputed that, at the time of his July 1, 2006 arrest, Martin was not in the process of appealing a criminal conviction. Martin has not put forth any evidence from which a reasonable fact finder could conclude that he was injured by his inability to return to Soaring Eagle to collect his papers.

Accordingly, defendants are entitled to judgment as a matter of law with respect to Count II, and defendants are granted summary judgment on that claim.

## IV. Conclusion

For the reasons set forth above, the Court grants the motion for summary judgment.

ENTER:

George M. Marovich
United States District Judge

DATED: June 29, 2010